IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GERAMIE M. EVANS, #Y29580, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-02426-SMY |
| | ) | |
| KYLE BENARD, | ) | |
| SGT JESSE, | ) | |
| C/O KELLEY, | ) | |
| C/O CHRUM, | ) | |
| SGT VAUGHN, | ) | |
| and C/O VAN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 on November 4, 2024, asserting claims for constitutional deprivations against officials at Shawnee Correctional Center. (Doc. 1). Plaintiff commenced the action without prepaying a $405.00 filing fee or filing a motion for leave to proceed *in forma pauperis* (IFP motion).

At the time of case opening, the Court mailed Plaintiff a Notice advising him of his obligation to either prepay the full filing fee of $405.00 or file an IFP motion without prepayment of the filing fee on or before December 4, 2024, *see* Doc. 3. He was provided with a blank form IFP motion for his completion and return by this deadline and was warned that the action would be dismissed for failure to comply with the order if he failed to do so. *Id*.

Plaintiff requested an extension on November 14, 2024, citing his alleged miscommunication with the prison's trust fund office. (Doc. 5). The request was denied four days

1

later because the Court provided Plaintiff with the IFP motion form for his completion and return. (Doc. 9). Plaintiff was reminded that "the IFP motion remains due on or before DECEMBER 4, 2024." *Id*.

Plaintiff missed the deadline for paying his filing fee or filing an IFP motion. As a result, the Court entered a Notice of Impending Dismissal warning Plaintiff the case would be dismissed for noncompliance with the Court's orders at Docs. 3 and 9 and for failure to prosecute his claims (Doc. 10). Plaintiff could avoid dismissal by prepaying his filing fee or filing an IFP motion on or before December 26, 2024. *Id*. This deadline has passed and Plaintiff has neither prepaid the filing fee nor filed an IFP motion. Accordingly, the case is **DISMISSED without prejudice** for failure to comply with the Court's Orders at Docs. 3, 9, and 10 and/or prosecute his claims. FED. R. CIV. P. 41(b).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 6, 2025**

                                                          *s/ Staci M. Yandle*
                                                        **STACI M. YANDLE**
                                                        **United States District Judge**